UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 08-C-180

RICHARD F. WITTMANN,

    Defendant.

## ORDER

On February 22, 2008, Richard F. Wittmann filed a petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted of bank fraud on April 27, 2007, and was sentenced to 18 months imprisonment. He now challenges the restitution component of his sentence, claiming that restitution was set at "at least $50,000 more than it should be." According to Wittmann, his appellate counsel rendered ineffective assistance by failing to file and pursue a direct appeal of the restitution order. Wittmann further claims that trial counsel was ineffective for having failed to properly object to the amount of restitution.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. This claim is inappropriately brought under 28 U.S.C. § 2255, as it does not relate to Wittmann's custody. A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Seventh Circuit Court of Appeals has held that a challenge to an order of restitution imposed as a part of a criminal sentence may not be maintained under § 2255. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). Even if ineffective assistance of counsel is alleged, "if the restitution order must be changed . . . that change would involve altering the terms or amount of payments and cannot be accomplished via a cause of action based upon 'the right to be released.'" *Zambonino v. U.S.*, 2006 WL 2861957, *3 (N.D. Ill. 2006) (quoting 28 U.S.C. § 2255). Therefore, "even when errors in restitution are raised as the basis of an ineffective assistance claim, § 2255 is not available to challenge an order of restitution." *U.S. v. Zaragoza*, 16 F. Supp. 2d 1111, 1111 (N.D. Ind. 1998) (internal citation omitted) (denying relief where petitioner alleged ineffective assistance of trial and appellate counsel). Accordingly, Wittmann has failed to state a cognizable claim.

The motion for relief under § 2255 is **DENIED**, and the case is **DISMISSED**.

**SO ORDERED** this   29th   day of April, 2008.

    s/ William C. Griesbach  
    William C. Griesbach  
    United States District Judge